On May 16, 1979 the court entered the following order:
Alexander Younger, with whom was Assistant Attorney General Barbara Allen Babcock, for defendant. Herman Sillas (United States Attorney) and Solomon E. Robinson (Assistant United States Attorney), of counsel.
Before Friedman, Chief Judge, Cowen, Senior Judge, and Bennett, Judge.
Plaintiff was formerly employed by the United States Air Force at McClellan Air Force Base, as a management analyst in grade GS-12. He brought this action to recover back pay and for restoration to the position from which he was discharged. The case was transferred to this court by the United States District Court for the Eastern District of California, and is before us on cross-motions for summary judgment, both parties relying on the administrative record.
On December 16, 1974, plaintiff, who had been a Federal employee for nearly 37 years, received from his immediate supervisor, a Notice of Proposed Separation for inefficient performance. The notice set forth six examples of substandard work; advised plaintiff that he had until January 3, 1975, to reply, and stated that the material in support of the action was available for plaintiffs review. On December 27, 1974, plaintiff, through his attorney, submitted a detailed response to the charges against him. On January 31, 1975, plaintiffs second tier supervisor mailed to plaintiff at his residence a Notice of Final Decision, and sent copies thereof to plaintiffs attorney and to the business agent of Local 1857 of the American Federation of Government Employees, who was also assisting plaintiff.
The notice stated that the charges had been sustained and that plaintiff would be separated for inefficiency. However, plaintiff was offered, as an alternative to dismissal, a reassignment to the position of management analyst at the lower pay of $16,693 per annum. The notice informed plaintiff that if he chose not to accept the reassignment, his dismissal would be effective February 14, 1975. Plaintiff was also advised of his right to appeal to the Federal Employees Appeals Authority (FEAA) of the Civil Service Commission. Plaintiff contends that he never received the Final Notice, but on February 10, 1975, his *663 attorney filed a timely appeal to which he attached a copy of the notice.
After a 2-day hearing, the FEAA sustained the dismissal in a decision dated November 3, 1975. Subsequent efforts by plaintiff to have the decision set aside by the Appeals Review Board of the Civil Service Commission were unsuccessful.
In his motion, plaintiff urges that he is entitled to relief on the grounds that the defendant violated his constitutional, statutory and procedural rights, and that the administrative decision is not supported by substantial evidence. Specifically, plaintiff challenges the administrative action on five separate grounds, which we consider seriatim.
Plaintiff first attacks the administrative decision on the ground that he was not given notice of the final decision of January 31, 1975, as required by 5 CFR § 752.202(f). Plaintiff testified that he did not learn of the final notice, which gave him the option of accepting another position, until February 20, 1975. The evidence is undisputed that the notice was mailed to him; that copies were sent to his attorney and to a union representative on January 31, 1975, and that his attorney attached a copy of that notice in his appeal dated February 10,1975. The FEAA held that under the circumstances, notice to plaintiffs attorney was constructive notice to plaintiff, and therefore, that there was compliance with the regulation. Neither in his appeal from the final notice, nor in his motion for summary judgment, has plaintiff asserted that he would have accepted the demotion if he had received timely notice of it. At the time he appealed, plaintiff had more than 35 years of service credit, and at the time of his dismissal his salary was $22,000 per annum. It appears that the amount he was entitled to receive as a retirement annuity would have exceeded the salary he would have received in the demoted position. This is a probable explanation of his failure to state, at any time during the administrative proceedings, that he would have accepted the lower-paying position. We think the administrative ruling was correct, but that in any event, plaintiff was not prejudiced by the fact that he did not receive the notice, and that the failure of the agency to deliver the notice to him personally was *664 harmless error. Plaintiffs principal objective was to appeal from the action dismissing him; the appeal was not affected by the non-receipt of actual notice.
Plaintiffs second argument is that the FEAA committed reversible error in admitting certain documents during the cross-examination of plaintiff for the purpose of impeaching his testimony. Plaintiff says that the admission of these records was improper and in violation of Air Force Regulation 40-750C(13)(d), which in substance provides that in an adverse action against an employee, the notice shall inform him of the reasons, specifically and in detail, that are being relied upon to support the action, and that the employee shall be given access to the background information that will enable him to better understand these reasons. As previously stated, the notice of proposed separation sent to plaintiff contained a detailed statement of the charges against him and also advised plaintiff that the material relied on in support of the proposed action was available for plaintiffs review. The documents complained of consisted of communications between plaintiff and his former supervisor. They were received at the FEAA hearing for the limited purpose of attacking plaintiffs credibility. We find no procedural violation. The documents were admissible for impeachment purposes under Federal Rules of Evidence Rule 105. This is particularly true in administrative proceedings where the agency is not bound by the formal rules of evidence.
In this connection, plaintiff also maintains that the admission of the documentary evidence was a violation of Article XIV of the General Labor Agreement in force between plaintiffs union and the Air Force under Executive Order 11491, 3 C.F.R. 254 (1974). The provisions of Article XIV are similar to those of Regulation 40-750, and we reject the argument on the same grounds. In addition, plaintiff has alleged no facts which would confer jurisdiction on this court to grant him relief because of an alleged violation of the labor agreement. See Bendure v. United States, 213 Ct. Cl. 633, 554 F. 2d 427 (1977).
Plaintiffs next procedural contention is that he was impermissibly judged by standards which had never been shown to him — all in violation of Air Force Regulation 40-451(a). This regulation is entitled "Establishment of *665 Performance Requirements.” The only relevant portion thereof is section (A)(2)(b), which in substance provides that applicable elements of an employee’s performance requirements must be written when adverse action based on inefficiency is proposed. Plaintiff had had 13 years’ experience in his GS-12 position at the time of his discharge, and he testified that he was familiar with his job description and the duties therein specified. The notice of proposed adverse action which was sent to him on December 16, 1974, contained six separate grounds on which the general charge of inefficiency was based. Although Regulation 40-451 was not complied with, and the FEAA so found, it also found that "the entire testimony of both appellant and his supervisor shows there were numerous discussions between the parties concerning appellant’s performance sufficient to establish substantial compliance with this portion of the agency’s regulations, and we so find.” On the basis of our examination of the administrative record, we agree.
Plaintiffs fourth assertion of procedural error is based on an alleged violation of Air Force Regulation 40-511(B)(b)(g), which in substance requires that each manager or supervisor shall certify in writing, at least annually, to the accuracy of each position description for which he is accountable. Since plaintiffs supervisor had last updated plaintiffs job description in 1971, plaintiff says that his performance was unlawfully judged according to a position description which had not been kept up-to-date as required. The FEAA found that the regulation referred to was irrelevant to the issues before it, because the application of qualification standards or grade level determinations was in no way pertinent to the adverse action taken. It seems clear that plaintiff has confused the position classification process with the adverse action taken against him. Consequently, we find no merit in this contention.
Plaintiffs final contention is that the decision of the Civil Service Commission is not supported by substantial evidence. At the hearing, plaintiffs supervisors testified against him, and he presented evidence in his own behalf. The FEAA devoted nine pages of its decision to a discussion of the evidence presented; sustained four of the charges against plaintiff, and held that two charges were unsub *666 stantiated. The general allegation of inefficiency was also sustained. The FEAA concluded that the Department of the Air Force had complied with the applicable regulations and that the adverse action was taken for such cause as to promote the efficiency of the Service. Plaintiffs attack on the sufficiency of the evidence is, in substance, an argument on the weight of the evidence. However, as we have held many times, our review of such an administrative decision may not extend to an assessment of the weight to be accorded the evidence, but is limited to a determination whether the decision is supported by substantial evidence. We are satisfied that the decision of the Commission meets that test in this instance, since there is evidence in the record from which the FEAA could find that four of the charges against plaintiff were established by a preponderance of the evidence. See Giles v. United States, 213 Ct. Cl. 602, 553 F. 2d 647 (1977).
In summary, we conclude that the decision of the Civil Service Commission should be affirmed. Accordingly, plaintiffs motion for summary judgment is denied; defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.